## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LOREN OWENS,

      Plaintiff,

v

ADROIT HEALTH GROUP, LLC d/b/a
STRATA HEALTH GROUP & ADROIT
INSURANCE SOLUTIONS LLC,
AMERICAN BUSINESS ASSOCIATION,
TYLER LONG, AND WESLEY CUNHA,
DOES 1-133,

      Defendants.

Case No. 1:24-cv-00547

Hon. Jane M. Beckering

Joshua S. Goodrich (P83197)
LIGHTHOUSE LITIGATION PLLC
5208 W. Saginaw Hwy 81142
Lansing, Michigan 48908
269.312.7435
jsgoodrich@lighthouse-litigation.com

*Attorneys for Plaintiff*

Janet Ramsey (P63285)
WARNER NORCROSS + JUDD LLP
150 Ottawa Ave., NW, Ste. 1500
Grand Rapids, Michigan 49503
616.752.2736
jramsey@wnj.com

Jeffrey B. Pertnoy (PHV)
AKERMAN
Three Brickell City Centre
98 Southeast Seventh Street
Miami, Florida 33131
305.982.5524
Jeffrey.pertnoy@akerman.com

Thomas B. Fullerton
Akerman LLP
71 S. Wacker Dr., Ste. 4600
Chicago, IL 60606
312.634.5726
Thomas.Fullerton@akerman.com

*Attorneys for Defendants Tyler Long and Wesley Cunha*

## DEFENDANTS TYLER LONG AND WESLEY CUNHA'S BRIEF IN SUPPORT OF MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

# TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A.  Standard for Motions to Dismiss. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    B.  The Complaint Is An Improper "Group Pleading," Subject to Dismissal . . . . . . . . 5
    C.  Plaintiff's Claims Against Long and Cunha Are Not Properly Pled . . . . . . . . . . . 7
    D.  Plaintiff Lacks Article III Standing To Assert Claims Against Long and Cunha . . . 10
    E.  Count IV (Violation of 47 C.F.R. § 64.1200(d)(4)) Fails . . . . . . . . . . . . . . . . . . . . 11
    F.  Count V (Violation of 47 C.F.R. 64.1601(e)) Fails . . . . . . . . . . . . . . . . . . . . . . . 13
    G.  Count VII (Violation of 47 C.F.R. § 64.1200(a)(7)) Fails . . . . . . . . . . . . . . . . . . 14
    H.  Count XI (Violation of M.C.L. § 484.125(2)(b)) Fails . . . . . . . . . . . . . . . . . . . . . 15
    I.   Plaintiff Fails to State a Viable Claim for Civil Conspiracy (Count VIII) . . . . . . . 15
    J.   The Court Should Dismiss Duplicative Claims and Remedies . . . . . . . . . . . . . . . 17
    K.  Plaintiff's Complaint Fails to Sufficiently Plead Negligence (XV) . . . . . . . . . . . . 18
    L.   Plaintiff's Complaint Fails To Sufficiently Plead Intentional Fraud/Misrepresentation (Count XIII) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
    M.  Plaintiff's Complaint Fails to Sufficiently Plead Negligent Misrepresentation (Count XIV) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
    N.  Plaintiff Lacks Article Standing to Seek Injunctive Relief . . . . . . . . . . . . . . . . . . 21
    O.  The Court Should Strike Certain Portions of the Complaint Under Rule 12(f) . . . . 22

IV.   CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

## TABLE OF AUTHORITIES

**Cases**                                                                                              **Page(s)**

*Alexander v. Sandoval,*
   532 U.S. 275 (2001) ........................................................................................................... 11

*Arora v. Diversified Consultants, Inc.*,
   No. 20 C 4113, 2021 WL 2399978 (N.D. Ill. June 11, 2021) ................................................ 16

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ............................................................................................................... 4

*Ashland Hosp. Corp. v. Serv. Emps. Int'l Union, Dist. 1199 WV/KY/OH,*
   708 F.3d 737 (6th Cir. 2013) ............................................................................................... 12

*Bailey v. Domino's Pizza, LLC*,
   867 F. Supp. 2d 835 (E.D. La. 2012) .................................................................................. 13

*Barry v. Ally Fin., Inc.*,
   No. 20-12378, 2021 WL 2936636 (E.D. Mich. July 13, 2021) ............................................ 23

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................................................... 4, 5, 16

*Bennett v. MIS Corp.*,
   607 F.3d 1076 (6th Cir. 2010) ............................................................................................. 19

*Braver v. NorthStar Alarm Servs., LLC*,
   No. CIV-17-0383-F, 2019 WL 3208651 (W.D. Okla. July 16, 2019) ................................... 12

*Burdge v. Ass'n Health Care Mgmt., Inc*.,
   No. 1:10-cv-00100, 2011 WL 379159 (S.D. Ohio Feb. 2, 2011) .......................................... 13

*Campbell v. Nationstar Mortgage*,
   611 F. App'x. 288 (6th Cir. 2015) ........................................................................................ 18

*City of Los Angeles v. Lyons*,
   461 U.S. 95, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983) ....................................................... 21

*Coffey v. Foamex L.P.*,
   2 F.3d 157 (6th Cir. 1993) .................................................................................................... 19

*Constantino v. Michigan Dep't of State Police*,
   707 F. Supp. 2d 724 (W.D. Mich. 2010) ............................................................................. 17

*Crehan v. Countrywide Bank, FSB*,
   No. 1:11 CV 613, 2012 WL 4341049 (W.D. Mich. Feb. 15, 2012) ...................................... 16

*Currier v. PDL Recovery Grp., LLC*,
    No. 14-12179, 2017 WL 712887 (E.D. Mich. Feb. 23, 2017)................................17

*Dahdah v. Rocket Mortg., LLC*,
    No. 22-11863, 2023 WL 5941730 (E.D. Mich. Sept. 12, 2023)...........................15

*Dobronski v. Selectquote Ins. Servs.*,
    462 F. Supp. 3d 784 (E.D. Mich. 2020)..........................................................14

*Dobronski v. SunPath Ltd.*,
    No. 19-13094, 2020 WL 8840311 (E.D. Mich. July 27, 2020) .............................14

*Dobronski v. Tobias & Assocs.*,
    No. 5:23-CV-10331, 2023 WL 7005844 (E.D. Mich. Sept. 25, 2023) ..................14

*Dobronski v. Total Ins. Brokers*,
    LLC, No. 21-10035, 2021 WL 4452218 (E.D. Mich. Sept. 29, 2021) ..................14

*Facebook, Inc. v. Duguid*,
    592 U.S. 395 (2021)......................................................................................23

*Farris v. Standard Fire Ins. Co.*,
    280 F. App'x 486 (6th Cir. 2008) ...................................................................17

*Fedorova v. Foley*,
    No. 1:22-CV-991, 2023 WL 4543034 (W.D. Mich. July 7, 2023)..........................6

*Fejedelem v. Kasco*,
    711 N.W.2d 436 (Mich. Ct. App. 2006) ..........................................................20

*Fluker v. Ally Fin. Inc.*,
    No. 22-CV-12536, 2023 WL 8881154 (E.D. Mich. Dec. 21, 2023) .....................23

*Fontes v. Time Warner Cable Inc.*,
    No. CV14-2060-CAS(CWx), 2015 WL 9272790 (C.D. Cal. Dec. 17, 2015) ..........2

*Hi-Way MotorCo. V. Int'l Harvester Co.*,
    247 N.W.2d 813 (Mich. 1976)........................................................................19

*Higgins v. Lawrence*,
    309 N.W.2d 194 (Mich. Ct. App. 1981) ..........................................................19

*Hurley v. Wayne Cnty. Bd. of Educ.*,
    No. 16-cv-9949, 2017 WL 2454325 (S.D. W. Va. June 6, 2017) .........................12

*Indiana State Dist. Council of Laborers and Hod Carriers Pension and Welfare*
    *Fund v. Omnicare, Inc.*,
    583 F.3d 935 (6th Cir. 2009) .........................................................................19

*Jones v. Royal Admin. Servs.*,
    887 F.3d 443 (9th Cir. 2018) ...................................................................................9

*Kanuszewski v. Michigan Dep't of Health & Hum. Servs.*,
    927 F.3d 396 (6th Cir. 2019) .................................................................................21

*Keating v. Peterson's Nelnet, LLC*,
    615 F. App'x 365 (6th Cir. 2015) ...........................................................................7

*Lucas v. Telemarketer Calling from (407) 476-5680*,
    No. 18-3633, 2019 WL 3021233 (6th Cir. May 29, 2019)............................7, 8, 10

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992)...............................................................................................11

*Lyman v. Excel Impact, LLC*,
    Case No. 1:23-cv-23767-BB, ECF No. 38 (S.D. Fla, Feb. 28, 2024) ...................22

*Mickam v. Joseph Louis Palace Tr.*,
    849 F. Supp. 516 (E.D. Mich. 1994)......................................................................20

*Morris v. UnitedHealthcare Ins. Co.*,
    No. 4:15-cv-00638-ALM-CAN, 2016 WL 7115973 (E.D. Tex. Nov. 9, 2016).......2

*Old Republic Nat. Title Ins. Co. v. Escrow Title Servs., Inc.*,
    No. 1:08-CV-796, 2010 WL 2650435 (W.D. Mich. June 30, 2010)......................17

*Otworth v. Williams, Hughes, & Cook PLLC*,
    No. 1:11-cv-206, 2011 WL 1539713 (W.D. Mich. Mar. 23, 2011) .........................4

*Ouwinga v. Benistar 419 Plan Servs.*,
    694 F.3d 783 (6th Cir. 2012) .................................................................................20

*PNC Bank, Nat'l Ass'n v. Goyette Mech. Co., Inc.*,
    140 F. Supp. 3d 623 (E.D. Mich. 2015).................................................................16

*Qualite Sports Lighting, LLC v. Ortega*,
    No. 1:17-CV-607, 2019 WL 7582823 (W.D. Mich. Sept. 10, 2019) .....................16

*Rogers v. Postmates, Inc.*,
    No. 19-CV-05619-TSH, 2020 WL 3869191 (N.D. Cal. July 9, 2020).....................7

*Savel v. MetroHealth Sys.*,
    96 F.4th 932 (6th Cir. 2024) ..................................................................................10

*Schaevitz v. Braman Hyundai, Inc.*,
    437 F. Supp. 3d 1237 (S.D. Fla. 2019) (Moore, J.) ...............................................21

*Siefert v. Hamilton Cnty.*,
  951 F.3d 753 (6th Cir. 2020) .......................................................................16

*Smith v. Miorelli*,
  No. 22-10663, 2024 WL 770360 (11th Cir. Feb. 26, 2024) ...................................22

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016).....................................................................................10

*Williams v. Polgar*,
  215 N.W.2d 149 (Mich. 1974)........................................................................20

*Wilson v. PL Phase One Operations L.P.*,
  422 F. Supp. 3d 971 (D. Md. 2019)................................................................13

*Winters v. Grand Caribbean Cruises Inc.*,
  No. CV-20-00168-PHX-DWL, 2021 WL 511217 (D. Ariz. Feb. 11, 2021).............7

*Zononi v CHW Group, Inc.*,
  22-CV-14358, 2023 WL 2667941 (S.D. Fla Mar. 7, 2023)..................................22

**Statutes**

47 U.S.C. § 227 *et seq.* ..................................................................... *passim*

47 U.S.C. 227(c)(5)(A) .................................................................................12

47 U.S.C. 227(d) ...................................................................................12, 13

Mich. Comp. Laws § 484.125(2)(b) ...........................................................3, 15

**Other Authorities**

47 C.F.R. 64.1200(a)(7) ...........................................................................3, 15

47 C.F.R. 64.1200(d) ..............................................................3, 11, 12, 13

47 C.F.R. 64.1200(d)(4)...........................................................................3, 11

47 C.F.R. 64.1601(e)...........................................................................3, 13, 14

Fed. R. Civ. P. 8 .....................................................................................6, 16

Fed. R. Civ. P. 9(b) .....................................................................................19

Fed. R. Civ. P. 12 .........................................................................................1

Fed. R. Civ. P. 12(b)(6)...............................................................................4, 5

Fed. R. Civ. P. 12(f)...................................................................................................................4, 22

Defendants Tyler Long ("**Long**") and Wesley Cunha ("**Cunha**"), by counsel and pursuant to Rule 12, Fed. R. Civ. P., move to dismiss the Complaint and Request for Injunction (ECF No. 1; "**Complaint**") filed by Plaintiff Loren Owens ("**Plaintiff**"), and state as follows:

## I.     <u>INTRODUCTION</u>

This case is based entirely on Plaintiff's alleged receipt of phone calls from one or more of the defendants. Her Complaint does not say which defendant was responsible for the calls. She brings claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and various Michigan state statutes.

Defendants Long and Cunha are individuals residing in Florida. Compl., ¶¶ 5-6 (PageID.3). Plaintiff does not allege that either Long or Cunha themselves made or initiated a single call to her, and does not adequately allege that they are vicariously liable for the calls. Rather, Plaintiff improperly lumps the alleged conduct of all defendants into every cause of action without explaining who allegedly did what. This is important, since liability under the TCPA and the regulations and statutes sued under must be based on either direct or vicarious liability, and there are pleading standards (not met here) associated with same.

The shotgun Complaint is rife with contradictions, pleading deficiencies and impertinent allegations. The allegations that relate to Long and Cunha are insufficient to state claims against them. Long's alleged involvement is set forth in Paragraphs 145-170 (PageID.24-26), which make clear that a call was merely transferred to Long; not that he made or initiated the call. Other allegations assert that the calls at issue were made on behalf of and for the benefit of the other entity co-defendants, <u>not</u> on behalf of or for the benefit of Long or Cunha. Compl., ¶¶ 75-81 (PageID.14-15). While Plaintiff spends significant time in the Complaint describing the various calls, none of them are linked to Long or Cunha.  For his part, Cunha is not alleged to be involved in a single call, at all. Not as a caller; not as ever having spoken to Plaintiff; and not as someone

on whose behalf the calls were made. Rather, according to the Complaint, his involvement is limited to "allowing Defendant Long to use resources from his license in the state of Michigan to sell insurance." Compl., ¶ 160 (PageID.25). Even if true, that does not give rise to liability under any claim asserted by Plaintiff as a matter of law.

Long and Cunha are unfortunately caught in the middle and are not properly before the Court, as their alleged conduct does not give rise to any claims against them.

Although the TCPA was enacted as a shield for consumers, it has become a sword for litigants. As Courts have noted, the TCPA "has strayed far from its original purpose." *Fontes v. Time Warner Cable Inc.*, No. CV14-2060-CAS(CWx), 2015 WL 9272790, at *3 (C.D. Cal. Dec. 17, 2015) (citations omitted); *Morris v. UnitedHealthcare Ins. Co.*, No. 4:15-cv-00638-ALM-CAN, 2016 WL 7115973, at *6 (E.D. Tex. Nov. 9, 2016) ("TCPA suits have, in many instances, been abused"). This case fits that mold. Plaintiff's 16-count Complaint should be dismissed in its entirety as to Long and Cunha for the reasons set forth below.

## II.   SUMMARY OF ARGUMENT

First, the Complaint is an improper "group pleading," as Plaintiff lumps all Defendants together in every cause of action, providing no clarity on who allegedly did what. Such pleading is improper in this District.

Second, Plaintiff does not properly plead *any* viable claims against Long or Cunha. There is no allegation that Long or Cunha themselves made any phone calls to Plaintiff. There are similarly no specific allegations that they are vicariously liable for the calls (*i.e.*, that they controlled the calls, that an agency relationship existed, or that the calls were made on their behalf or for their benefit). TCPA claims must be brought under a direct or vicarious liability theory. Plaintiff pleads neither.

<u>Third</u>, based on the pleading deficiencies, Plaintiff facially lacks standing to assert claims against Long and Cunha, as there is no injury pled that is "fairly traceable" to their conduct. Plaintiff does not plead that they made any calls to Plaintiff, and does not plead vicarious liability. Without any conduct pled traceable to Long or Cunha, Plaintiff lacks standing.

<u>Fourth</u>, Plaintiff's claims under 47 C.F.R. § 64.1200(d)(4) (Count IV) and 47 C.F.R. § 64.1601(e) (Count V) fail because there is no private cause of action available to Plaintiff under either regulation, and even if there was, despite pleading her claims against "all Defendants," there is again no conduct tying Long or Cunha to a violation of either regulation on the facts pled.

<u>Fifth</u>, Count VII, which asserts a violation of 47 C.F.R. § 64.1200(a)(7) fails as, again, no conduct of Long or Cunha is alleged to have violated the regulation, and because she has not (and cannot) plead facts showing the abandonment percentage of calls allegedly made by Long or Cunha (of which, none are pled), as would be required to state a claim.

<u>Sixth</u>, Count XI, which asserts that Long and Cunha violated M.C.L. § 484.125(2)(b), fails because the statute only applies to "*intra*state commercial advertising" and Plaintiff admits that Long and Cunha are in Florida. The Complaint is devoid of allegations that any calls attributable to Long or Cunha came from within Michigan to Plaintiff in Michigan. The claim thus fails.

<u>Seventh</u>, Plaintiff's civil conspiracy claim (Count VIII) fails to state a claim because she cannot – and will not be able to – allege that Long or Cunha knew of any agreement to violate the TCPA (one never existed). Knowledge and intent are elements of civil conspiracy, which Plaintiff fails to plead. Plaintiff's claim is also improper as it is bereft of factual support, and contains only a formulaic recitation of the elements of such a claim. Plaintiff also fails to plead actual damages.

<u>Eighth</u>, Counts XII (Intrusion Upon Seclusion), XIII (Intentional Fraud/ Misrepresentation), XIV (Negligent Misrepresentation), XV (Negligence) and XVI (Gross

Negligence) are duplicative of the various claims brought under the TCPA and the Michigan Statutes, as they are based on the *identical* facts; they are simply dressed up as tort claims. Courts routinely dismiss such duplicative claims, and this Court should too.

<u>Ninth</u>, Counts XIII (Intentional Fraud/Misrepresentation), XIV (Negligent Misrepresentation), and XV (Negligence) fail as a matter of law because Plaintiff has failed to plead sufficient facts to support the required elements of each claim, as described further below.

<u>Tenth</u>, Plaintiff's request for injunctive relief should be dismissed or stricken because Plaintiff lacks standing to seek that relief. The Complaint refers to alleged past conduct (again, not even tied to Long or Cunha) over a two-day period in March 2024. Under Supreme Court precedent, there must be a threat of future harm or repeated injury, which does not exist here.

<u>Finally</u>, the Court should strike certain portions of the Complaint under Rule 12(f) as the allegations are scandalous, impertinent and entirely immaterial to the issues in this case.

## III.   <u>ARGUMENT</u>

### A.   <u>Standard for Motions to Dismiss</u>

In *Otworth v. Williams, Hughes, & Cook PLLC*, No. 1:11-cv-206, 2011 WL 1539713 (W.D. Mich. Mar. 23, 2011) (Carmody, J.), this Court articulated the standard for reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure:

> Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

As the Supreme Court held, to satisfy this Rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  This plausibility standard "is not akin to a 'probability

4

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it

"stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.*  As the

Court further observed:

> Two working principles underlie our decision in *Twombly.*  First, the tenet that a
> court must accept as true all of the allegations contained in a complaint is
> inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of
> action, supported by mere conclusory statements, do not suffice . . . .  Rule 8 marks
> a notable and generous departure from the hyper-technical, code-pleading regime
> of a prior era, but it does not unlock the doors of discovery for a plaintiff armed
> with nothing more than conclusions.  Second, only a complaint that states a
> plausible claim for relief survives a motion to dismiss . . . .  Determining whether a
> complaint states a plausible claim for relief will, as the Court of Appeals observed,
> be a context-specific task that requires the reviewing court to draw on its judicial
> experience and common sense.  But where the well-pleaded facts do not permit the
> court to infer more than the mere possibility of misconduct, the complaint has
> alleged—but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

> When evaluating a complaint under Rule 12(b)(6), the Court may consider the
> complaint and any exhibits attached thereto, public records, and items appearing in
> the record of the case.  *See Bassett v. National Collegiate Athletic Assoc.,* 528 F.3d
> 426, 430 (6th Cir. 2008); *see also, Continental Identification Products, Inc. v.
> EnterMarket, Corp.,* 2008 WL 51610 at *1, n. 1 (W.D. Mich., Jan.2, 2008) ("[A]n
> exhibit to a pleading is considered part of the pleading" and "the Court may
> properly consider the exhibits . . .  in determining whether the complaint fail[s] to
> state a claim upon which relief may be granted without converting the motion to a
> Rule 56 motion"); *Stringfield v. Graham,* 212 Fed. App'x 530, 535 (6th Cir. 2007)
> (documents "attached to and cited by" the complaint are "considered parts thereof
> under Federal Rule of Civil Procedure 10(c)").

*Id.* at *1.

For the reasons set forth below, all causes of action against Long and Cunha should be

dismissed.

**B.**     **The Complaint Is An Improper "Group Pleading," Subject to Dismissal**

Plaintiff's Complaint contains 16 causes of action. Plaintiff's claims are spread across a

287 paragraph Complaint, wrought with ambiguity and a lack of clarity regarding which of the

four named defendants did what. This is especially problematic for the claims against Long and Cunha. This is, at its core, a TCPA case where Plaintiff complains about phone calls she allegedly received (although, it is not clear from the Complaint who she received them from). By Plaintiff's admission in the Complaint, none of the calls are attributable to Long or Cunha. Yet, Plaintiff lumps them together with every other defendant in all 16 causes of action.

Indeed, throughout, the Complaint merely alleges that a "Defendant" performed an act, without naming which defendant. *See, e.g.,* Compl. ¶¶ 13 (PageID.5) ("this Court has jurisdiction over Defendant"); 16 (PageID.5) ("Defendant continuously and systematically…"); 209 (PageID.33) ("acts and omissions of Defendant"); 210 (PageID.33) ("defendant's violations"); 213 (PageID.33)("Defendant has called Plaintiff's residential telephone line"); 214 (PageID.33); 228 (PageID.36); 231 (PageID.36); 249 (PageID.39); 260-264 (PageID.40). In similar fashion, even where Plaintiff alleges that all of the "Defendants" (defined as including all four named defendants) did *something*, the allegation is self-contradicting because the act is not one capable of being performed by a single person or entity (*i.e.,* such as dialing, making or initiating a phone call). While there is some liberality in pleading TCPA cases, a plaintiff must nevertheless plead plausible claims under Rule 8, which is far from the case here.

What Plaintiff does here is known in this District as "group pleading," which *this Court* has described as "a litigation tactic," which raises claims against numerous defendants without regard to a defendant's particular actions. *Fedorova v. Foley*, No. 1:22-CV-991, 2023 WL 4543034, at *4 (W.D. Mich. July 7, 2023), *report and recommendation adopted*, No. 1:22-CV-991, 2023 WL 5266422 (W.D. Mich. Aug. 16, 2023). Plaintiff's Complaint is the poster child of this tactic. It is well-settled in this Court that "[a] complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide

6

fair notice of the grounds for the claims made against a particular defendant." *Id.* (citing *Courser v. Michigan House of Representatives*, 404 F. Supp. 3d 1125, 1140 (W.D. Mich. 2019), *aff'd*, 831 F. App'x 161 (6th Cir. 2020)).

All 16 causes of action here are pled against all named defendants, without any supporting fact pertaining to what each defendant is alleged to have done (or not). This is especially important in a TCPA case like this one, where allegations of what a defendant did are key to the case and the defense thereof (as explained more fully in Section II.B below). The *Foley* Court dismissed every claim where this tactic was employed, as should this Court here.

### C.   Plaintiff's Claims Against Long and Cunha Are Not Properly Pled

TCPA claims such as those Plaintiff attempts to assert here must be brought either as direct liability claims (against those who actually make or initiate a call) or a vicarious liability theory (against those on whose behalf calls are made, where an agency relationship exists). *See generally Keating v. Peterson's Nelnet, LLC*, 615 F. App'x 365, 371 (6th Cir. 2015) and *Lucas v. Telemarketer Calling from (407) 476-5680*, No. 18-3633, 2019 WL 3021233, at *5-6 (6th Cir. May 29, 2019); *Winters v. Grand Caribbean Cruises Inc.*, No. CV-20-00168-PHX-DWL, 2021 WL 511217, at *4 (D. Ariz. Feb. 11, 2021) (a party may be liable if it "personally 'makes' a call in the method proscribed by the statute," or "vicariously, such as, if it was in an agency relationship with the party that made the offending call."); *Rogers v. Postmates, Inc.*, No. 19-CV-05619-TSH, 2020 WL 3869191, at *3 (N.D. Cal. July 9, 2020) (stating "there are two potential theories of liability under the TCPA").

As set forth in Section II.A above, Plaintiff's shotgun, "group pleading" Complaint falls tragically short of proper pleading. Highlighting the deficiencies pertaining to Long and Cunha is

that the allegations are so inadequate that, Plaintiff does not plead direct *or* vicarious liability claims against either defendant.

There is not a single allegation in the Complaint that Long or Cunha *themselves* made or initiated a single call. *See generally*, Complaint. In fact, the only substantive mention of Cunha or Long is in the context of a single phone call (Call 133). Compl., ¶¶ 125-169 (PageID.21-26). Plaintiff *admits* that a call was "transferred to" Long. *Id.*, ¶¶ 145-146 (PageID.24). In other words, Plaintiff admits Long did not make or initiate the call – no direct liability. *Lucas*, 2019 WL 3021233, at *5 (holding that "the district court properly dismissed any claims that these two defendants [were] directly liable under the TCPA" because they did not make or initiate the subject calls).

The allegations against Cunha are even more tenuous. Not a single allegation that Cunha made or initiated a call, or that he was ever even involved in a single call. The allegations related to Cunha are limited to references to a text message which "although this text was sent by Defendant Long, the Text Message states it is from Defendant Cunha." Compl., ¶¶ 159-160 (PageID.25). There are no other specific references to Cunha, at all – no direct liability. *Lucas*, 2019 WL 3021233, at *5.

The Complaint is equally devoid of allegations that Long or Cunha are vicariously liable. To plead vicarious liability, there must be a showing of an agency relationship between the caller and the person/entity on whose behalf the call is made. *Id.*, at *5-6. Here, that means that Plaintiff must have alleged an agency relationship between the unnamed caller and Long and Cunha, and that the unnamed caller was making the call on behalf of Long and Cunha.

> In determining that vicarious liability could be applied to claims for relief under the TCPA, the FCC noted that "[t]he classical definition of 'agency' contemplates 'the fiduciary relationship that arises when one person (a "principal") manifests assent to another person (an "agent") that the agent shall act on the principal's behalf and

subject to the principal's control," and extends to situations where a "third party has apparent (if not actual) authority" to act as a principal's agent. Finally, ratification occurs when an agent acts for the principal's benefit and the principal does not repudiate the agent's actions.

*Id.*, at \*6 (cleaned up and citations omitted). Vicarious liability may be imposed using agency principles as a framework, when a defendant controls or directs the acts of the caller, maker, initiator, or sender of the calls or messages.  *See, e.g., Jones v. Royal Admin. Servs.*, 887 F.3d 443, 453 (9th Cir. 2018)

But Plaintiff provides *no facts* at all about any relationship between Long or Cunha, on the one hand, and any caller, on the other. The allegations in the Complaint that relate to vicarious liability or agency *all* relate to other defendants – none relate to Long or Cunha. *See* Compl. ¶¶ 58-71; 75; 76-79 (PageID.12-15).

What's more, there are no allegations that *any* calls were made for the benefit of or on behalf of Long or Cunha. Conversely, all calls are alleged to have been made for the benefit of or on behalf of other defendants, namely, Adroit and ABA. Compl., ¶¶ 58-71; 75 (PageID.12-15) (stating that Plaintiff received 133 calls "on behalf of" Adroit and ABA); ¶¶ 76-81 (PageID.15) (referring to control that Adroit and ABA had over the alleged calls). No such allegations are present against Long or Cunha.

Perhaps most telling in this regard are Plaintiff's admission that *all 133 calls* were "initiated with the intent and purpose of marketing Defendant Adroit Health products and Defendant American Business Association membership," (*id.*, ¶ 177 (PageID.27)) and that Adroit and/or ABA "approved [call] scripts" and otherwise controlled the calling process (*id.*, ¶¶ 178-79 (PageID.28)). There are no "control" allegations that pertain to Long or Cunha. Plaintiff thus admits that no calls, no matter who initiated them, were made for the benefit of Long or Cunha. Thus, there is facially no vicarious liability.

Plaintiff apparently hangs her hat on the fact that Long or Cunha were just *somehow* involved, or did *something* wrong. But such speculation and uncertainty cannot give rise to claims against them. *Lucas,* 2019 WL 3021233, at *5 (holding that plaintiff "failed to sufficiently allege facts indicating that the defendants can be held vicariously liable under the TCPA" because even "knowingly assisting telemarketers" does not amount to the "formal agency," "apparent authority," or "ratification" necessary to allege a TCPA violation under a vicarious liability theory). Under plaintiff's theory, anyone who utters words during a call made by someone else can be liable for violations of the TCPA.

The allegations against Long and Cunha are facially insufficient to state any claims against them. All claims should be dismissed.

### D.      Plaintiff Lacks Article III Standing To Assert Claims Against Long and Cunha

Article III gives federal courts the power to adjudicate "Cases" and "Controversies," not hypothetical disputes. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016); U.S. Const. art. III, § 2. Whether there is a genuine case or controversy turns on whether a plaintiff has standing to bring the case. *Spokeo*, 578 U.S. at 338. Standing consists of three elements: (1) an "injury in fact" that is "concrete and particularized" and "actual or imminent"; (2) that the injury is "fairly traceable" to the defendant; and (3) that the injury "is likely to be redressed" if the court grants relief. *Id*. at 338-39. If the plaintiff fails to satisfy any of the three prongs, the case must be dismissed. *Savel v. MetroHealth Sys.*, 96 F.4th 932, 939 (6th Cir. 2024).

Here, Plaintiff lacks Article III standing because the Complaint does not and cannot allege any injury fairly traceable to Long or Cunha's conduct. Without regurgitating the lack of pleading clarity set forth in Sections II.B-C above, suffice it to say that, a careful review of the Complaint reveals that there is no actionable conduct tied to either Long or Cunha.

Under Article III and U.S. Supreme Court precedent, there must be "a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Despite that they are included as defendants in every cause of action pled, no plausible claims are made tying Long or Cunha to any specific alleged wrongdoing under available theories of liability. Dismissal for lack of standing is necessary.

E.    **Count IV (Violation of 47 C.F.R. § 64.1200(d)(4)) Fails**

Count IV asserts that "all Defendants" (again, without specifying the particular conduct of any single defendant) violated 47 C.F.R. § 64.1200(d)(4) in making calls to Plaintiff and not providing the name of the caller, or name of the person on whose behalf the call was being made, and the telephone number or address at which the caller may be contacted. Compl., ¶¶ 223-225 (PageID.35). This claim fails for two reasons.

First, yet again, there is no allegation that ties Long or Cunha to this cause of action. Calls 1, 2, 3, 65, and 133 are alleged to have violated the regulation, which form the basis for Count IV. Yet, Plaintiff does not allege that Long or Cunha were involved in the making or initiating of those calls, or that they were made on Long or Cunha's behalf. Indeed, only call 133 (Compl., ¶¶ 125-169 (PageID.21-36)) mentions Long or Cunha, and it is clear from the Complaint that the call (whoever made it) was transferred *to* Long. Cunha, for his part, is not alleged to have been involved in the call at all. Clearly, Long and Cunha cannot be liable for 47 C.F.R. § 64.1200(d)(4), even if a private cause of action did exist (it does not).

Second, there is no private cause of action under 47 C.F.R. § 64.1200(d)(4). The Supreme Court has stated that Congress must create "private rights of action, explicit or implicit, to enforce

11

federal laws." *Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001). If Congress does not create a private right of action, "a cause of action does not exist and courts may not create one." *Id.*

As relevant here, Congress created a private right of action for regulations promulgated under 47 U.S.C. § 227**(c)**. *See* 47 U.S.C. § 227(c)(5)(A) (stating clearly that "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may ... [bring] an action based on a violation of the regulations prescribed under this subsection…").

Congress did not, however, create a private right of action for regulations promulgated under 47 U.S.C. § 227**(d)**. *See* 47 U.S.C. § 227(d) (discussing an alleged prohibition on certain activities by telemarketers, but <u>not</u> providing a private right of action for violations). Indeed, 47 C.F.R. § 64.1200(d) was enacted pursuant to 47 U.S.C. § 227(d), which provides technical and procedural standards of compliance, and is therefore technical and procedural in nature, and which may be enforced only by the FCC pursuant to 47 U.S.C. § 227(d).

Courts resound in agreement that Section 227(d) "does not contain a similar private right of action, unlike other subsections" of the TCPA. *Ashland Hosp. Corp. v. Serv. Emps. Int'l Union, Dist. 1199 WV/KY/OH*, 708 F.3d 737, 745 (6th Cir. 2013); *Hurley v. Wayne Cty. Bd. of Educ.*, No. 16-cv-9949, 2017 WL 2454325, at *4 (S.D. W. Va. June 6, 2017) ("Congress did not intend private parties to enforce either Section 227(d) or the regulations prescribed pursuant to that section."). Because "[47 C.F.R.] § 64.1200(d) was promulgated under [47 U.S.C.] § 227(d)," rather than subsection 227(c), "[t]here is no private right of action for alleged violations of § 64.1200(d)." *Braver*, 2019 WL 3208651, at *15.

Here, Plaintiff's claim is the prototypical "technical and procedural" claim under 47 U.S.C. § 227(d), for which no private right of action exists. *See, e.g., Braver v. NorthStar Alarm Servs.,*

*LLC*, No. CIV-17-0383-F, 2019 WL 3208651, at *14 (W.D. Okla. July 16, 2019), *amended on denial of reconsideration,* No. CIV-17-0383-F, 2019 WL 5722207 (W.D. Okla. Nov. 5, 2019) (agreeing that Section 64.1200(d) was promulgated under § 227(d) and holding that there is no private right of action for alleged violations of § 64.1200(d)); *Bailey v. Domino's Pizza, LLC*, 867 F. Supp. 2d 835, 842 (E.D. La. 2012) ("Defendant also argued [in support of dismissal] that none of the available TCPA private rights of action permit a recovery for violating those regulations [contained in 47 C.F.R. § 64.1200(d)] . . . The Court agrees with Defendant . . . "); *Burdge v. Ass'n Health Care Mgmt., Inc*., No. 1:10-cv-00100, 2011 WL 379159, at *4 (S.D. Ohio Feb. 2, 2011) (dismissing "internal do not call claim" and holding that the regulations set forth in 47 C.F.R. § 64.1200(d) "are technical and procedural in nature and were promulgated pursuant to [S]ection 227(d) of the TCPA" for which there is no private cause of action); *Wilson v. PL Phase One Operations L.P.*, 422 F. Supp. 3d 971, 981 (D. Md. 2019) (dismissing TCPA claim under Section 64.1200(d) and noting that while the TCPA provides a private right of action under other subjections, Section 64.1200(d) "appears to fall within subsection *d*'s scope, which does not provide a private right of action).

Because there is no private right of action to enforce the technical and procedural regulations contained within 47 C.F.R. § 64.1200(d), and because Plaintiff's claim is otherwise unrelated to conduct by Long and Cunha, Count IV should be dismissed.

### F. Count V (Violation of 47 C.F.R. 64.1601(e)) Fails

Count V asserts that "Defendants" (again, without specifying the conduct of any single defendant) violated 47 C.F.R. 64.1601(e) by using "spoofed" the caller ID information, or failing to provide caller ID information in making calls to Plaintiff. Count V fails for two reasons:

First, there is no private cause of action under 47 C.F.R. 64.1601(e). Federal District Courts in Michigan have uniformly held as much. *Dobronski v. Tobias & Assocs.*, No. 5:23-CV-10331, 2023 WL 7005844, at *7-8 (E.D. Mich. Sept. 25, 2023), *report and recommendation adopted in part sub nom. Dobronski v. Tobias & Assocs., Inc.*, No. 23-10331, 2024 WL 1174553 (E.D. Mich. Mar. 18, 2024) (collecting cases); *Dobronski v. Selectquote Ins. Servs.*, 462 F. Supp. 3d 784, 790 (E.D. Mich. 2020) ("Absent any authoritative basis for a private cause of action for 'spoofing' under [47 C.F.R. 64.1601(e)], the Court is disinclined to create one here."); *Dobronski v. Total Ins. Brokers*, LLC, No. 21-10035, 2021 WL 4452218, at *3 (E.D. Mich. Sept. 29, 2021) (dismissing claim and holding "there is no private right of action for violations of § 64.1601(e)"); *Dobronski v. SunPath Ltd.*, No. 19-13094, 2020 WL 8840311, at *6 (E.D. Mich. July 27, 2020) ("The TCPA does not confer a right to pursue [47 C.F.R. 64.1601(e)] claim").

Second, and to reiterate the point above, there is no allegation in the Complaint – not one – tying either Long or Cunha to the making or initiating of a single phone call at issue in this case. There are also no vicarious liability allegations against them.

### G.    Count VII (Violation of 47 C.F.R. § 64.1200(a)(7)) Fails

The gist of Count VII is that Defendants (again, without specifying any particular defendant) did not connect two of the subject calls to a "live sales representative within two (2) seconds of the called person's completed greeting." Compl., ¶ 233. Count VII fails to state a claim.

First, Plaintiff does not identify any particular defendant who allegedly violated the referenced regulation. As is the case with the remainder of Plaintiff's shotgun pleading, the allegations are conclusory and bereft of supporting facts, and thus insufficient to state a plausible claim for relief. Indeed, all four named defendants and the 133 "Doe Defendants" could not have *all* violated this regulation.

14

Second, this cause of action only relates to "Calls 1 and 2." Compl., ¶ 233 (PageID.37). This claim fails against Long and Cunha because there is no allegation (nor could there be) that they were a part of, associated with, or actually made or initiated calls 1 or 2. Compl., ¶¶ 90-92 (PageID.17); 232-234 (PageID.37).

Third, to the extent there is a private cause of action available to Plaintiff under 47 C.F.R. § 64.1200(a)(7), to state such a claim, Plaintiff must allege information related to the caller's overall abandonment percentage when making calls, which was not done here. *See, e.g.*, *Dahdah v. Rocket Mortg., LLC*, No. 22-11863, 2023 WL 5941730, at *5 (E.D. Mich. Sept. 12, 2023) (dismissing claim and holding that plaintiff "must plausibly allege that no more than three percent of live telemarketing calls were 'abandoned'… This provision requires information about the abandonment rate, which Dahdah's complaint fails to mention. Accordingly, Count VII of the Complaint fails to state a claim for a violation of § 64.1200(a)(7) and must be dismissed.").

## H. Count XI (Violation of M.C.L. § 484.125(2)(b)) Fails

Count XI is based on M.C.L. § 484.125(2)(b), which by its express terms, applies <u>only</u> to "*intra*state commercial advertising." Even assuming that the conduct alleged in the Complaint constitutes "commercial advertising," it is not in dispute that any conduct associated with Long or Cunha did not constitute "*intra*state" commerce. Plaintiff correctly admits that Long and Cunha are Florida residents. Compl., ¶¶ 5-6 (PageID.3). The Complaint is devoid of any allegation that any calls attributable to Long or Cunha came from within Michigan to Plaintiff in Michigan. Count XI thus fails and should be dismissed.

## I. Plaintiff Fails to State a Viable Claim for Civil Conspiracy (Count VIII)

Plaintiff's conspiracy claim fails for a number of reasons. First, Plaintiff has not pled a valid cause of action. "Knowledge and intent are elements of … civil conspiracy." *PNC Bank,*

*Nat'l Ass'n v. Goyette Mech. Co., Inc.*, 140 F. Supp. 3d 623, 636 (E.D. Mich. 2015). Plaintiff does not allege these elements. While Plaintiff does allege that Defendants had "actual knowledge of prior unlawful conduct that violated the TCPA," that is not the same "knowledge and intent" to commit a conspiracy required by law. *Id.*

Second, Plaintiff's conspiracy claim contains only conclusory legal statements that mirror the language purportedly required to state a claim. There are no actual facts pled in support of the claim. Courts have correctly dismissed such claims. *See, e.g., Crehan v. Countrywide Bank, FSB*, No. 1:11 CV 613, 2012 WL 4341049, at *11 (W.D. Mich. Feb. 15, 2012), *report and recommendation adopted*, No. 1:11-CV-613, 2012 WL 4340848 (W.D. Mich. Sept. 20, 2012) (dismissing conspiracy claim because "the allegations concerning this particular claim are, at best, vague and conclusory and do not rise above the level of speculation."). The same is true here. There are no factual assertions whatsoever related to an alleged agreement or plan amongst the defendants in the lawsuit to conspire to harm Plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (refusing to accept as true factually unsupported allegations made "upon information and belief" that defendant corporations had entered a conspiracy). "The mere characterization of a combination of acts as a conspiracy is insufficient to withstand a motion to dismiss." *Arora v. Diversified Consultants, Inc.*, No. 20 C 4113, 2021 WL 2399978, at *5 (N.D. Ill. June 11, 2021). Here, Plaintiff's conclusory allegations do not state a plausible claim under Rule 8.

Third, "a plaintiff alleging civil conspiracy … must allege more than a mere conspiracy; the plaintiff must allege a wrong resulting in damages." *Qualite Sports Lighting, LLC v. Ortega*, No. 1:17-CV-607, 2019 WL 7582823, at *9 (W.D. Mich. Sept. 10, 2019). Here, Plaintiff has not and cannot allege that she suffered actual damages. Statutory damages that may be available under the TCPA are insufficient. *Siefert v. Hamilton Cnty.*, 951 F.3d 753, 768 (6th Cir. 2020) (stating that

conspiracy requires "a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in ***actual damages***") (emphasis added).

Finally, Count VIII separately fails against Cunha because the allegations therein expressly exclude him. Compl., ¶ 238 (PageID.37) (stating that defendants Adroit, ABA, Long and Doe Defendants worked together to violate the TCPA).

**J.      The Court Should Dismiss Duplicative Claims and Remedies**

Plaintiff's shotgun pleading adopts a kitchen sink approach. Instead of asserting narrow, detailed and plausible claims, she asserts  16 causes of action, many duplicative of one another. The Court should strike the duplicative claims and remedies.

Counts XII (Intrusion Upon Seclusion), XIII (Intentional Fraud/Misrepresentation), XIV (Negligent Misrepresentation), XV (Negligence) and XVI (Gross Negligence) are duplicative of the various claims brought under the TCPA and the Michigan Statutes. These claims are based on the identical facts as the TCPA claims and Michigan Statutory claims; they are simply dressed up as tort claims. Courts routinely dismiss such duplicative claims. *See, e.g., Old Republic Nat. Title Ins. Co. v. Escrow Title Servs., Inc.*, No. 1:08-CV-796, 2010 WL 2650435, at *5 (W.D. Mich. June 30, 2010) (granting defendant's motion to dismiss duplicative claims); *Constantino v. Michigan Dep't of State Police*, 707 F. Supp. 2d 724, 732 (W.D. Mich. 2010), *amended*, No. 1:09-CV-506, 2010 WL 4115385 (W.D. Mich. Oct. 19, 2010) (holding that it is proper to dismiss duplicative claims).

Dismissal is also warranted because the law is well-settled that double recovery is not permitted for a single alleged wrong.  *See, e.g., Currier v. PDL Recovery Grp., LLC*, No. 14-12179, 2017 WL 712887, at *12 (E.D. Mich. Feb. 23, 2017) ("the TCPA limits statutory damages to one award per call") (citing *Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 630 (6th Cir. 2009)); *Farris*

*v. Standard Fire Ins. Co.*, 280 F. App'x 486, 489 (6th Cir. 2008) ("The purpose of the doctrine of election of remedies is to prevent double recovery for a single wrong, and requires the plaintiff in such a scenario to choose one theory of recovery over another on which to proceed.").

The Court should therefore dismiss Counts XII, XIII, XIV, XV, and XVI.  For the same reasons, the Prayer for Relief in the Complaint is improper insofar as it seeks an impermissible double recovery, and should be dismissed or stricken accordingly.

### K.   <u>Plaintiff's Complaint Fails to Sufficiently Plead Negligence (XV)</u>

Plaintiff's claim of negligence (Count V) fails as a matter of law, as she fails to set forth any duty of care owed by Long or Cunha, let alone any defendant.  To establish a prima facie case of negligence under Michigan law, a Plaintiff must establish 1) existence of a duty; 2) breach of duty; 3) causation between the breach and the injury; and, 4) damages.  *Cleveland Indians Baseball Co.,* 727 F.3d 633 (6th Cir. 2013).  Even assuming Plaintiff had adequately pled the elements of breach and proximate cause – which she has not – Plaintiff has failed to set forth any facts giving rise to a duty of care owed to her by any defendant, including Long or Cunha.

In addition, Plaintiff's conclusory allegations of harm are insufficient to establish the fundamental element of damages in order to support a negligence claim in Michigan.  *Campbell v. Nationstar Mortgage,* 611 Fed. Appx. 288, 298-99 (6th Cir. 2015). Here, Plaintiff generally and conclusively alleges "nuisance and annoyance", as well as "annoying, obnoxious, frustrating, and intrusive", without noting any actual injury or damages caused.  Compl., ¶¶ 55, 172 (PageID.11, 26). These general allegations are detached from reference to any specific claim or act, and fail to indicate which defendant caused such purported injury.  Such conclusory allegations, without more, are wholly insufficient to support a negligence claim.  Therefore, Plaintiff's negligence claim (Count XV) fails as a matter of law for this reason as well.

**L.      Plaintiff's Complaint Fails To Sufficiently Plead Intentional
Fraud/Misrepresentation (Count XIII)**

When alleging fraud in federal court, a party must state with particularity the circumstances constituting the fraud.  Fed. R. Civ. P. 9(b); *see also Bennett v. MIS Corp.*, 607 F.3d 1076,1100 (6th Cir. 2010).  The complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."  *Indiana State Dist. Council of Laborers and Hod Carriers Pension and Welfare Fund v. Omnicare, Inc.*, 583 F.3d 935, 942-43 (6th Cir. 2009) (internal quotations and citation omitted).  In addition, a party must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of [the other party]; and the injury resulting from the fraud."  *Coffey v. Foamex L.P.,* 2 F.3d 157, 161-62 (6th Cir. 1993) (internal quotations and citations omitted).

Under Michigan law, the elements of fraud are as follows:  "(1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury."  *Hi-Way MotorCo. V. Int'l Harvester Co.,* 398 Mich. 330, 336, 247 N.W.2d 813, 816 (1976); *Higgins v. Lawrence,* 107 Mich. App. 178, 184, 309 N.W.2d 194, 197 (1981).

As explained above, Plaintiff completely fails to identify which defendant or defendants made the material representation, let alone that defendants Long or Cunha made any representation knowing it was false or made it recklessly, and made that (allegedly false) representation with the intention it should be acted upon by Plaintiff.  Therefore, Plaintiff's claim for intentional fraud/misrepresentation (Count XIII) should fail as a matter of law for these reasons as well.

**M.** **Plaintiff's Complaint Fails to Sufficiently Plead Negligent Misrepresentation (Count XIV)**

Negligent misrepresentation occurs when a defendant breaches a professional or business duty of care to provide accurate information to another person who employs the defendant for that purpose.  These claims commonly arise over a financial statement issued by an accountant or certain documents issued by attorneys.  *See Fejedelem v. Kasco,* 269 Mich. App. 499, 500-502, 711 N.W.2d 436 (2006) (accountant); *Ouwinga v. Benistar 419 Plan Servs.*, 694 F.3d 783, 796 (6th Cir. 2012) (attorney).

No Michigan court has detailed the specific elements of this tort, but the United States District Court for the Eastern District of Michigan has stated the elements as follows:

1. [T]he defendant made a material misrepresentation;
2. the representation was false;
3. the defendant was negligent in making the misrepresentation, i.e., the defendant breached a business or professional duty of care to provide accurate information to those who employ him; [and,]
4. the plaintiff suffered damages as a result.

*Mickam v. Joseph Louis Palace Tr.,* 849 F. Supp. 516, 521 (E.D. Mich. 1994) (relying on *Williams v. Polgar*, 391 Mich. 6, 215 N.W.2d 149 (1974).

As explained above, Plaintiff completely fails to identify which defendant or defendants made the negligent representation.  In addition, as with her negligence claim, Plaintiff completely fails to allege any facts or circumstances giving rise to the business or professional duty of care, let alone that any such duty was breached by defendants Long or Cunha.  Therefore, Plaintiff's claim for negligent misrepresentation (Count XIV) should fail as a matter of law for these reasons as well.

**N.**     <u>**Plaintiff Lacks Article Standing to Seek Injunctive Relief**</u>

Plaintiff's Complaint seeks injunctive relief "to prevent[] Defendants from violating the TCPA in the future." Compl., Prayer for Relief, ¶¶ 7-8 (PageID.43-45, 3-4). Plaintiff lacks standing.

The Complaint refers to past conduct over a two day period in March 2024. Plaintiff admits these "are the only calls known to Plaintiff." Compl., ¶ 213 (PageID.33). The Complaint is devoid of allegations that there is a threat of future calls from any of the Defendants, especially Long and Cunha. Plaintiff has not and cannot make a showing of a threat of future harm or repeated injury.

Under long-standing Supreme Court precedent, she lacks standing to seek injunctive relief. *See, e.g., City of Los Angeles v. Lyons*, 461 U.S. 95, 102–03, 103 S. Ct. 1660, 1665, 75 L. Ed. 2d 675 (1983) (commenting on standing in the context of injunctive relief, and noting that the analysis turns on "whether there is a real and immediate threat of repeated injury," and stating that the court "could not find a case or controversy" where "the threat to the plaintiffs was not sufficiently real and immediate to show an existing controversy" because the future threat of injury was speculative and uncertain) (cleaned up and citations omitted); *Kanuszewski v. Michigan Dep't of Health & Hum. Servs.*, 927 F.3d 396, 406 (6th Cir. 2019) ("The distinction between past and ongoing or future harms is significant because the type of harm affects the type of relief available. Past harm … does not entitle a plaintiff to seek injunctive or declaratory relief … fact that a harm occurred in the past 'does nothing to establish a real and immediate threat that' it will occur in the future, as is required for injunctive relief.").

District Courts have recently dismissed injunctive relief requests in TCPA cases in similar circumstances. *See, e.g., Schaevitz v. Braman Hyundai, Inc.*, 437 F. Supp. 3d 1237, 1251-52 (S.D. Fla. 2019) (Moore, J.) (dismissing request for injunctive relief in TCPA case for lack of standing

where there was nothing suggesting the possibility of future injuries); *Zononi v CHW Group, Inc.*, 22-CV-14358, 2023 WL 2667941, at *5 (S.D. Fla Mar. 7, 2023) (holding that plaintiff lacked standing to seek injunctive relief in TCPA case where there were "no allegations to suggest a threat of future injury, other than the mere fact of past injuries. Without more, past injuries alone do not suffice."); *Lyman v. Excel Impact, LLC*, Case No. 1:23-cv-23767-BB, ECF No. 38, at p. 8-9 (S.D. Fla, Feb. 28, 2024) (holding that "Plaintiff's mere[] alleg[ation] that the harm will likely continue" is insufficient to confer standing); *Smith v. Miorelli*, No. 22-10663, 2024 WL 770360, at *4 (11th Cir. Feb. 26, 2024) (holding that plaintiffs lacked Article III standing to pursue injunctive relief where "none of named plaintiffs alleged any threat of future injury, let alone a threat that was real and immediate").

> **O.**     **The Court Should Strike Certain Portions of the Complaint Under Rule 12(f)**

Under Rule 12(f), Fed. R. Civ. P., a court may strike "any redundant, immaterial, impertinent, or scandalous matter" from a pleading. The Court should strike Paragraphs 19-38 and 43-47, and all references to an autodialer, from the Complaint.

Paragraphs 19-38 (PageID.6-9) contain legal conclusions, legal background regarding the TCPA and the Michigan Statutes sued under, and citations to various unauthenticated websites regarding "robocalls" generally and how "Americans" allegedly dislike them. These are not factual allegations that have any bearing on the issues in this case or Plaintiff's specific claims.

Paragraphs 43-47 (PageID.10) relate to calls *other than those at issue in the Complaint*. Paragraph 45 (PageID.10) refers to Plaintiff's hospitalization for a "loss of pregnancy via stillbirth." These paragraphs *per se* impertinent and immaterial.

Separately, not one of the 16 causes of action asserts that any of the Defendants (especially Long or Cunha) utilized an ATDS in calling Plaintiff. However, Plaintiff's Complaint nevertheless

contains dozens of scattered references to the use of an "autodialer" (a/k/a "automatic telephone dialing system" or "ATDS"). *See* Compl., ¶¶ 62-63, 75, 89 (PageID.13-15, 17). Without a standalone TCPA claim based on the use of an ATDS, Plaintiff's scattered references thereto should be stricken, as they are extra noise in an already convoluted set of allegations that do not support the claims pled against the defendants named.

Even if a claim *was* pled, there would be no viable claim based on the use of ATDS under *Facebook, Inc. v. Duguid*, 592 U.S. 395 (2021) and its progeny. *See, e.g.*, *Fluker v. Ally Fin. Inc.*, No. 22-CV-12536, 2023 WL 8881154, at *2-3 (E.D. Mich. Dec. 21, 2023) (dismissing ATDS claim after *Facebook* based on lack of sufficient allegations pertaining to the use of a random or sequential number generator); *Barry v. Ally Fin., Inc.*, No. 20-12378, 2021 WL 2936636, at *4 and *7 (E.D. Mich. July 13, 2021) (same).

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Long and Cunha respectfully request that the Court enter an Order dismissing Plaintiff's Complaint as set forth herein, and for such further and additional relief as the Court deems just and proper.

Dated:  08.06.2024                                    /s/ Janet Ramsey
                                                      Janet Ramsey (P63285)
                                                      WARNER NORCROSS + JUDD LLP
                                                      150 Ottawa Ave., NW, Ste. 1500
                                                      Grand Rapids, Michigan 49503
                                                      616.752.2736
                                                      jramsey@wnj.com

                                                      Jeffrey B. Pertnoy (PHV)
                                                      AKERMAN
                                                      Three Brickell City Centre
                                                      98 Southeast Seventh Street
                                                      Miami, Florida 33131
                                                      305.982.5524
                                                      Jeffrey.pertnoy@akerman.com

Thomas B. Fullerton
Akerman LLP
71 S. Wacker Dr., Ste. 4600
Chicago, IL 60606
312.634.5726
Thomas.Fullerton@akerman.com

*Attorneys for Defendants Tyler Long and Wesley Cunha*

216738.216738 #30888244