# Exhibit A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LOREN OWENS,**

    Plaintiff,                            Case No. 1:24-CV-00547

                                               Hon. Jane M. Beckering

v

**DOES 1-133**,

## ORDER GRANTING
## PLAINTIFF'S *EX PARTE* MOTION AS TO DOES 1-133
## FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENAS
## PRIOR TO A RULE 26(F) CONFERENCE

Having considered Plaintiff's *Ex Parte* Motion as to Does 1-133 for Leave to Serve A Third-Party Subpoenas Prior to a Rule 26(F) Conference, after the briefing and oral argument and the entire record herein, the Court finds that Plaintiff's motion is well taken. For the foregoing reason,

**IT IS HERBY ORDERED** that:

1. Plaintiffs' motion is granted, Plaintiff shall attach any such subpoena to a copy of this Order of the Court.

2. Plaintiff established "good cause" to serve a third-party subpoena to identify the John Doe Defendant's true names, address, phone numbers for the purpose of serving the summons and complaint in this case. The Doe Defendants' phone calls to Plaintiff are listed in Exhibits 1 and 2 of Plaintiff's Amended Complaint.

    a. Plaintiff has identified 41 unique phone number

  b. Plaintiff is limited to the subscriber information of the 41 telephone numbers listed in Exhibit 1 and 2 of the Amended Complaint for the subscriber of the numbers on the dates of March 21, 22, and 23, 2024.

  c. Plaintiff has attached a list of 41 unique numbers to reduce the burden on the Wholesale Communication Interconnection Service Provider of identifying each number from the Plaintiff's phone images.

3. Plaintiff may serve the Wholesale Communication Interconnection Service Provider (SINCH) with a Fed. R. Civ. P. 45 subpoena commanding the Wholesale Communication Interconnection Service Provider to provide Plaintiff with the subscriber information for the 41 numbers on the specified dates in questions and subject to this litigation, including

  a. the true name of the individual or business,

  b. physical address,

  c. mailing address,

  d. email address,

  e. alternate email addresses,

  f. and the telephone number provided

4. Within 14 days of its receipt, the Wholesale Communication Interconnection Service Provider shall reasonably attempt to identify the subject John Doe subscribers and provide them with a copy of the subpoena and this order.

5. Nothing in this order precludes the Wholesale Communication Interconnection Service Provider or John Doe(s) from challenging the subpoena consistent with the Federal Rules of Civil Procedure and this Court's local rules. However any such challenge,

such as a motion to quash the subpoena or a motion for a protective order, shall be filed before the return date of the subject subpoena, and the return date shall be no earlier than thirty-five (35) days from the service of the subpoena on the Wholesale Communication Interconnection Service Provider. See <u>Third Degree Films v Does 1-47</u>, No. 12-10761, 286 F.R.D. 188, 2012 WL 448911, at *1 (D. Mass. Oct. 2, 20212) (issuing a subpoena with provision for motion practice before production of information). Where no motion is filed either by the Wholesale Communication Interconnection Service Provider or John Doe within the time periods prescribed herein, the ISP shall produce to Plaintiff the information identified in Paragraph 3(a-f) above.

6. Plaintiff and the Wholesale Communication Interconnection Service Provider, shall confer, if necessary with respect to the issues of payment for the requested information in the subpoena for.

7. Plaintiff shall pay the processing Fees outlined in the Wholesale Communication Interconnection Service Provider Civil Subpoena Policy[1] Sections 2.3, 5.4 & 5.5.

    a. Plaintiff shall request from the Wholesale Communication Interconnection Service Provider an estimate of the Individual Case Basis Processing Fee ("ICB FEE") in section 5.5

8. The Wholesale Communication Interconnection Service Provider that receives this subpoena and elects to charge for the cost of production shall provide a receipt for the amount paid as summary of charges billed for the Individual Case Basis Processing Fee.

---

[1] https://www.sinch.com/sites/default/files/file/2023-05/Civil-Subpoena-Policy-2023-05.pdf (Last accessed September 26, 2024).

9. Plaintiff may only use the information disclosed in response to this Rule 45 subpoena to the Wholesale Communication Interconnection Service Provider for the purposes of protecting and enforcing Plaintiff's rights as set forth in her complaint.

10. No other discovery is authorized by this Order.

**FURTHER ORDERED** that parties provide full and complete responses, and produce documents or information, within fourteen (28) days of the service of a subpoena. The responses must include all information that helps to identify the parties, including all names, addresses, emails, phone numbers, and any other relevant information

**SO ORDERED.**

**Dated:**_____     _____
                                                                                        **HON. Phillip J. Green**
                                                                                        **United States Magistrate Judge**